Elsworth, J.
Plaintiff moves for summary judgment in the amount of $27,113.53. Defendant was formerly county clerk of Rensselaer County and plaintiff was surety on four of his bonds with which we are here concerned. Shortages appeared in the motor vehicle funds handled by the office of the county clerk. There is no claim that defendant personally brought about said shortages. Defendant, however, as county clerk failed to turn over" to the State moneys collected and plaintiff has paid the State of New York the sum sued for.
Defendant had an absolute duty to remit to the State of New York moneys collected (Vehicle and Traffic Law, § 50) and he cannot exculpate himself by establishing that a deputy effected the shortages.
The amount of the shortages which the plaintiff paid was established by and predicated upon an audit of the Department of Audit and Control duly made by its examiners and auditors and approved by its principal examiner of municipal accounts. This audit became, of course, a public and official record. It covered the period from November 1, 1949 to July 14, 1953. The defendant Finch took office on January 1, 1949 and was continuously in office during the period of the aforesaid audit.
Defendant argues that some of the shortages might have occurred prior to January 1, 1949 when he took office and for which he is not responsible. He urges that summary relief should be denied so that he can explore on a trial the audit made prior to the one under which the plaintiff has paid. It is clearly and satisfactorily explained here by the department that said starting date of November 1,1949 was neither arbitrary nor capricious but was the date of termination of the last previous audit prior to the period in which shortages occurred.
Each year defendant gave a $20,000 bond with plaintiff as surety. Plaintiff made payments on the bonds covering the period July 1,1949 to July 1,1950; July 1, 1950 to July 1, 1951; July 1, 1951 to July 1, 1952 and July 1, 1952 to July 1, 1953. Defendant argues that there is no showing that the proper part of the total shortage of $27,113.53 was allocated to each bond. The annual shortages were computed as the amount due at the end of each year less the amount due at the end of the prior year. It is true that the amount of shortages during a year’s period had a wide variance because the one responsible therefor was robbing Peter to pay Paul and indulging in kiting. Nevertheless, the method used in the segregation with respect to the annual bonds is logical and tenable. In any event, it does not appear that more than a $20,000 shortage appeared in one *576 year or that plaintiff paid more than its $20,000 liability for that year.
Simmered down to brief language the contentions of the defendant as made here — and as stated in his opposing affidavit — are ‘ ‘ that any failure to collect fees due to the State of New York did not occur during his term of office as County Clerk * * * did not occur during the terms of the bonds which are the basis of plaintiff’s claim ”. While the establishment of either of those defenses would afford the defendant an absolute answer to this cause of action, the difficulty of his position here is that they are advanced as mere assumptions and conclusions but without any substantiation, or at least that necessary degree of substantiation which gives rise to the existence of factual issues on a motion of this nature. It does not suffice to argue that such issues might be discovered if trial is afforded. It is necessary that a showing be made here and now that they do exist.
To summarize, this is the situation presented. The plaintiff rests its cause of action on the findings made in an official, duly authenticated examination of the Department of Audit and Control and on the basis of which it has paid the sum for which recovery is sought. The audit appears to be a thorough, comprehensive and painstaking one. If it is correct and true — and it is the court’s view under the circumstances presented that it must be accepted as such until something to the contrary is shown — then plaintiff should have recovery in its action. If the court were able to lay hold of something definite and concrete in connection with defendant’s contention of inaccuracy and lack of correctness, then a basis might well be laid for the existence of factual issues. No such basis, however, has been found under the papers submitted.
The motion for summary judgment is granted.
Submit order.